UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**ADA WOODS**
    Plaintiff

v.  No. 1:08CV-00006-J

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Robert Harrison. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 10 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on April 25, 2007, by administrative law judge (ALJ) D. Lyndell Pickett. In support of his decision denying Title II and Title XVI benefits, Judge Pickett entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010.

2. The claimant has not engaged in substantial gainful activity since January 15, 2005, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease, irritable bowel syndrome, generalized anxiety disorder, and dysthymic disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform simple, routine, repetitive, low stress work at the light exertional level away from the general public and not requiring strict production quotas or work in concentrated exposure to extreme heat, humidity, fumes, odors, dusts, gases, poor ventilation, etc. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

6. The claimant is able to perform past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 4, 1962 and was 42 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not she has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 15, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Administrative Record (AR), pp. 17-22).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are

supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

    2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act. To qualify for supplemental security income (SSI)

benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act. The determination of disability is essentially the same for Title II and Title XVI purposes.

      3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a <u>de minimis</u>, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a <u>prima facie</u> showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

### Discussion

This case was denied at the fourth and alternatively at the fifth and final steps of the sequential evaluation process. The ALJ found that the plaintiff retains the physical and mental residual functional capacity (RFC) to return to her past relevant work as a "light" office cleaner and, alternatively, that she could perform a significant number of other jobs in the national economy, including "light" inventory checker and various "sedentary" positions such as weigher, office helper, and sorter (AR, pp. 21-22). In so finding, the ALJ relied upon the testimony of a vocational expert (VE) at the administrative hearing.

The VE testified as follows:

1. An individual of the plaintiff's age, education, and past relevant work experience and having the physical limitations identified on November 8, 2005 by Timothy Gregg, M.D., plus the mental limitations summarized in ALJ's RFC Finding No. 5, would retain the ability to perform the plaintiff's past relevant work as "light" office cleaner and, by way of one example, could do other jobs in the national economy such as "light" inventory checker (AR, pp. 182-189 and 283).

2. An individual with the same mental limitations but who is restricted to "sedentary" work would retain the ability to perform the jobs of weigher, officer helper, and sorter (AR, p. 284).

Judicial review of final decisions of the Commissioner is deferential and contemplates a "harmless error" review. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Shkabari v. Gonzales*, 427 F.3d 324, 328 (6th Cir., 2005). It is well settled that a VE's testimony in response to hypothetical questions may constitute substantial evidence in support of a denial decision. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987). Hence, for purposes of a deferential review, the most pertinent hypothetical is typically the one that contemplates the greatest number of physical and mental restrictions to which the VE was able to identify an ability to return to past relevant work (step 4 denial) and/or an ability to perform other jobs in the national economy (step 5 denial). See *Pechatsko v. Commissioner*, 369 F.Supp.2d 909 (N.D. Ohio, 2004) (a fourth-step denial should be affirmed upon judicial review if the vocational testimony would have supported a fifth-step denial).

In this case, the pertinent hypothetical is the one that contemplated the mental limitations summarized in ALJ's Finding No. 5, the physical restrictions found by Dr. Gregg, and an additional physical restriction limiting the plaintiff to "sedentary" work as contemplated by 20 C.F.R. §§ 404.1567(a) and 416.967(a), i.e., lifting more than 10 pounds at a time. Hence, the court should affirm the ALJ's decision unless the plaintiff points the court to evidence in the administrative record of a vocationally-significant limitation, which the ALJ was required to accept, in excess of a ten-pound lifting restriction, the physical restrictions identified by Dr. Gregg, and the mental limitations in Finding No. 5. To show that her impairments result in a vocationally-significant restriction, the plaintiff must identify a specific limitation assigned by a medical expert. It is insufficient to point to raw diagnoses and medical data because lay persons,

including the plaintiff, counsel, and this court, are "simply not qualified to interpret raw medical data in functional terms." *Nguyen v. Commissioner*, 172 F.3d 31, 35 (1st Cir., 1999). "[L]ay intuitions about medical phenomena are often wrong." *Schmidt v. Commissioner*, 914 F.2d 117, 118-119 (7th Cir., 1990). The mere diagnosis of a condition "says nothing about the severity of the condition." *Higgs. v. Commissioner*, 880 F.2d 860, 863 (6th Cir., 1988). The severity of a medical impairment must be measured in terms of its effect upon the ability to perform basic work activities and not in terms of a deviation from medical standards of bodily perfection or normality. The magistrate judge concludes that the plaintiff has failed to point the court to probative evidence in the administrative record of a vocationally-significant physical or mental limitation in excess of those contemplated by the vocational testimony as a whole. Accordingly, we shall recommend an affirmance of the Commissioner's final decision. The plaintiff's specific contentions shall be considered in turn.

First, the plaintiff argues that the opinion of her treating physician, Richard Wan, was entitled to controlling weight. In a "to whom it may concern" letter dated March 1, 2007, Dr. Wan opined as follows (AR, p. 245):

> Ms. Woods was last seen in our office on 02-27-2007. She has a history of: bipolar disorder, nervous anxiety, collitis with irritable bowel syndrome, shortness of breath, COPD, depression, difficulty bending and stooping, and right knee pain. Due to her chronic conditions she is unable to work.

The ALJ found as follows (AR, p. 20):

> While Dr. Wan ... opined the claimant was disabled due to a multitude of impairments, this opinion is given no weight as his treatment records simply do not support such a conclusion. Likewise, the remaining objective record also does not support a conclusion of disability.

The magistrate judge concludes that the ALJ did not err in declining to give controlling weight to Dr. Wan's opinion of disability because "[a] statement by a medical source that you are 'disabled'

7

or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. §§ 404.1527(e) and 416.927(e). Such statement are "not medical opinions ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." Id. "We will not give any special significance" to such opinions. Id.

Next, the plaintiff argues that the ALJ should have contacted Dr. Wan and made inquiries before rejecting Dr. Wan's opinion. The magistrate judge concludes that the argument is unpersuasive because the Commissioner is required to recontact a medical source only when the evidence is "inadequate for us to determine whether you are disabled." 20 C.F.R. §§ 404.1512(e) and 416.912(e). In this case, Dr. Gregg's assessment and the other evidence cited by the ALJ in his written decision provided an adequate basis for the ALJ's determination that the plaintiff was not disabled.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).